UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

       Plaintiff,

                                        Criminal No. 08-242 (PLF)

v.

GREGORY JOEL SITZMANN,

       Defendant.
_____/

## MOTION FOR TRANSCRIPTION, IN CAMERA REVIEW, AND DISCLOSURE OF TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant, Gregory Sitzmann, through undersigned counsel, and pursuant to Fed. R. Crim. P. 6(e)(3)(E), respectfully requests that the Court order transcription of the entirety of the grand jury proceedings leading up to the return of the indictment in this case, including prior grand jury actions not resulting in an indictment against the Defendant; that the Court conduct an in camera review of those transcripts; and that the Court order disclosure to the defense of the transcripts, because grounds exist to dismiss the indictment, to allow disclosure of information material to the defense, and to clarify the role of immunized testimony in the obtaining of the indictment. In support thereof, the Defendant states:

      1.      The indictment in this case, charging a 15-year conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841, was returned by the grand jury on August 7, 2008. Because so much of the indictment deals with long ago events, as to which the statute of limitations has ostensibly expired; because the defendant was subjected to five separate interviews in which the government participated in the period from 2000-2008, and as to

which immunity was conferred in whole or in part; and because arguably the two most critical witnesses in the case – George Jones and Terrence Colligan – have died in the past two years with the defense having had no opportunity to adversarially confront their statements or otherwise elicit from them explanatory or exculpatory evidence, the Defendant requests that the Court grant the request for transcription, in camera review, and provision to the defense of the grand jury transcripts in the grand jury proceedings ultimately leading to the return of the instant indictment, including grand jury testimony of eyewitnesses and participants in the offenses.

2.  In discovery provided to the defense in 2009, more than six months after the return of the indictment, the government gave the defense reason to believe that witness Gary Paulson provided information to the government, or repeated to the grand jury, immunized information that the government had provided to Paulson.  In the most recent bill of particulars, DE:58 (second amended bill of particulars), the government has *withdrawn* in large part important allegations attributable to Terrence Colligan regarding the scope of the conspiracy and *inserted* new allegations apparently made by Paulson as to events occurring within the statute of limitations.  The government thereby seems to have sought to expand the indictment into the limitations period by *adding* allegations of a 2004 plan to take cocaine to Canada, while *removing* Colligan's claim (presumably submitted to the grand jury) of a plan to ship cocaine from Mexico to the United States.  *Cf*. DE:58:38 at ¶ 336 (*new allegation in second amended bill of particulars*: "In January-February 2004, defendant talked to Gary Paulson in Florida and asked Paulson if [he] was willing to do another large cocaine deal in which kilograms of cocaine would be carried through the United States and into Canada to be delivered to the Canadian Hells Angels.") *with* DE:27:38 at ¶ 312 (*former allegation in first amended bill of particulars*: "[D]efendant talked to Terrence Colligan from Colombia and

stated that defendant and his Colombian co-conspirators would be sending a shipment of cocaine to Mexico and that the people in Mexico have been waiting for the shipment for over a month. Defendant stated that he needs to get to the United States but he needs to make sure the shipment arrives in Mexico first."). Other indicia of a constructive amendment of the indictment are set forth in the Defendant's motion to dismiss based on violation of the statute of limitations.

3. Notably, in the second amended bill of particulars, the entire structure of the Canadian smuggling allegations in the prior bills of particulars has been *revised*, even as the Mexican smuggling allegations have been *withdrawn*, with the only know explanatory circumstance being that Paulson testified before a new grand jury – albeit not one that returned an indictment – while Colligan's claim of a Mexican activity has been withdrawn following his death. The prima facie appearance is that the bills of particulars are being employed as a vessel in which to add new claims (such as a 2004 Canadian conspiracy) and take out old claims (such as a 2004 Mexican smuggling conspiracy), without involving the grand jury in the amendment process.

4. The Fifth Amendment right to "a presentment or indictment of a Grand Jury" necessitates that the indictment issue from an independent grand jury, barring prosecutorial control over the changing contours of the charges. *See United States v. Williams*, 504 U.S. 36,49 (1992) ("Recognizing [the] tradition of independence [of the grand jury], we have said that the Fifth Amendment's constitutional guarantee presupposes an investigative body acting independent of either prosecuting attorney or judge"); *Stirone v. United States*, 361 U.S. 212, 218 (1960) ("The very purpose of the requirement that a man be indicted by a grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge"). What this "independence" means is that the grand jury has the power to charge "a greater

offense or a lesser offense" and indeed, that it is "not bound to indict in every case where a conviction can be obtained." *Vasquez v. Hillery*, 474 U.S. 254, 263 (1986) (emphasis added; internal quotation and citation omitted). Where an indictment is the product of a grand jury process so flawed that the grand jury's independence has been infringed, *see Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988), courts should not hesitate to remedy the violation because the indictment is not, in reality, "of a Grand Jury." U.S. Const. amend. V.

5. With regard to the Paulson grand jury testimony and debriefing, there are indications that it follows the government's review with him of the contents of various immunized statements by the defendant. As observed in the defendant's motion for a *Kastigar* hearing, elements of the information made available to the government under a grant of immunity may have been filtered through Paulson so as to use Paulson, in lieu of an agent, to essentially employ the defendant's own immunized statements against him.

6. Equally important, due to the demise of the two crucial government witnesses as to the only charged events as to which any cocaine was seized – where the government supplied the drugs to George Jones – and given that the two witnesses were largely within the control of the government when they died, such that the defense had no opportunity to preserve exculpatory aspects of their testimony or expose their claims to the light of cross-examination and impeachment, the defendant will suffer undue prejudice from the loss of such testimony and the opportunity to investigate it unless the grand jury testimony of such witnesses in relation to the surrounding evidence is revealed. As an example of the potential importance of the nuances of such testimony, one need look no farther than the arrest warrant for George Jones, which appears to relate that Colligan's assertion of a purported incriminatory comment by Sitzmann – which the government, in the bill of

particulars, claims occurred in February 2004 – supposedly occurred "four months prior" in 2003. Jones crim. complaint affid. at 1. Similarly, the defendant understands that Jones testified before earlier grand juries and gave testimony that did not support the charge against Sitzmann, such that his testimony went through a transition in order to become useful to the government, yet the defendant has received no record of this former unsuccessful testimony. And from the scope of the indictment's allegations, it appears that the grand jury was incorrectly led to believe that a conspiracy by an American to transport cocaine from South America to other countries, not the United States, can satisfy the elements of 21 U.S.C. § 846. The very structure of the indictment, listing with equal importance all countries, including the United States, yet making no reference to any act of possession within the United States, indicates that the jury was misled as to the permissible bases for indictment.

7. Fed. R. Crim. P. 6(e)(2)(E)(I) authorizes the district court to disclose grand jury proceedings "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(2)(E)(ii) authorizes such disclosure "at the request of a defendant who shows that a ground *may* exist to dismiss the indictment because of a matter that occurred before the grand jury." (Emphasis added). Here, there are multiple grounds to warrant in camera review and ultimate disclosure of the grand jury proceedings .

8. Only an in camera review, and disclosure of the entirety of the grand jury proceedings can (1) confirm whether indictment matches the trial that the Defendant presently faces in light of the changing allegations of the bills of particulars; (2) identify for the defense the components of the witness testimony that address the nature of the dealings of relevant persons and the specific facts pertaining to the undercover sting as to which the participating parties are now deceased; and (3)

explain the extent to which information previously provided by the defendant under varying conditions of immunity were or were not provided to the grand jury, and if so, whether such use could have had an "effect on the grand jury's decision to indict." *See Bank of Nova Scotia*, 487 U.S. at 263. Accordingly, the Court should order the government to immediately transcribe the entirety of the grand jury proceedings and submit all transcripts to the Court forthwith for an in camera review.

WHEREFORE, the Defendant Gregory Stizmann requests that the Court order immediate transcription of the entirety of the grand jury proceedings (including but not limited to charging instructions, all witness testimony, prosecutorial comments, grand juror questions, and answers to those questions). The Court should review those transcripts in camera to insure that provision of the materials to the defense will not unduly prejudice the government, and – absent such a likelihood of unfair prejudice – the Court should compel the government to disclose those transcripts to the Defendant so that he may file either perfect a motion to dismiss the indictment or adequately prepare for trial.

Respectfully submitted,

/s/  Richard C. Klugh
RICHARD C. KLUGH, ESQ.
Ingraham Building
25 S.E. 2nd Avenue, Suite 1105
Miami, Florida 33131
Fla. Bar. No. 305294
E-mail: rickklu@aol.com
Phone: (305) 536-1191
Fax: (305) 536-2170

## CERTIFICATE OF SERVICE

I HEREBY certify that on   April 19, 2010  , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>/s/  *Richard C. Klugh*
> Richard C. Klugh, Esq.