**FILED**

UNITED STATES DISTRICT COUR FOR
THE DISTICT OF COLOMBIA

JAN 10 2012

Clerk, U.S. District & bankruptcy
Courts for the District of Columbia

UNITED STATES OF AMERICA

V.                                                                    Cr. 08-242   (PLF)

GREGORY JOEL SITZMANN
Defendant

REQUEST FOR COURT TO FIND
DEFENDANT'S COUCIL PROVIDED
INEFFECTIVE COUNSEL

COMES NOW Defendant, Gregory Joel Sitzmann, requesting this Honorable to decide Defendant's CJA appointed Counsel, Thomas Abbenante, did not provide effective assistance of Counsel for the following reason.

FACTS

Mr. Thomas Abbenante was appointed by this Court as Counsel for the Defendant on April 18, 2011. On April 25, 2011 Mr. Abbenante and his investigator, John Mc Voy, visited Defendant at CTF. During this visit Defendant present Mr. Abbenante with a copy of the letter Defendant wrote to Mr. J. Virgilio, Defendant's former Counsel, Dated May 18, 2008. (this was the very first document presented to Counsel) Defendant explained the first paragraph of the letter had been sent to the Prosecution to verify what was read to him during a three way telephone conversation involving Defendant, Mr. Virgilio, and Assistant United States Attorney Mr. George Eliopoulos, during plea negotiation in July of 2008.

In August of 2011 Mr. Eliopoulos during a hearing moved to have the above mentioned letter admitted into evidence, which the Court permitted, as Mr. Abbenante did not object. Also in this hearing Mr. Buss, a former D.C. Police Officer, gave testimony which Mr. Abbenante chose not to object to even as Defendant repeatedly requested him to do.

Black Law Dictionary   Statement:

The act or process or stating or presenting orally or on paper

F.R.Cr.P. Rule 410

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions.

(4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which did not result in a plea of guilty or which resulted in a plea of guilty later withdrawn.

Mr. Abbenante knew this letter was presented to the Attorney for the Government in July of 2008 and should have objected as this letter clearly is covered by the F.R.Cr.P. 410. (4).

The District of Colombia Appeals Court in, U. S v. Hlyton 294 F.3d., overturned Mr. Hylton's conviction stating Mr. Abbenante failed to object to an issue during trial and stated Mr. Abbenante provided ineffective assistance of Counsel to Mr. Hlyton.

For the above reasons Defendant request this Court to fine Mr. Abbenante did not meet the minimum requirement's required of Counsel, thus providing ineffective Counsel for Defendant. Defendant future requests this Court to allow a rehearing of the issues presented at the August 2011 hearing.

Respectfully Submitted

Gregory J. Sitzmann
319939 S.E. 2
1901 D. St. S.E.
Washington, D.C. 2003

NOTICE OF SERVICE

The above motion was sent by U.S mail to Assistant United States Attorney Mr. George Eliopoulos at 555 4th S.T. N.W. on this 5 day of Jan 2012.

Gregory J. Sitzmann