UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 08-242 (PLF) |
| | : | |
| GREGORY JOEL SITZMANN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT SITZMANN'S REQUEST TO FIND DEFENDANT'S COUNSEL PROVIDED INEFFECTIVE COUNSEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Gregory Sitzmann's request to find that his counsel provided ineffective assistance of counsel. See Defendant's Motion #141. As grounds for this opposition, the government relies on the following points and authorities, and any other such points and authorities raised at a hearing on this motion.

### ARGUMENT

Throughout this litigation, the defendant has vacillated between demanding to represent himself *pro se*, finding and retaining new defense counsel, subsequently attacking his choice of counsel as being ineffective or conflicted, and then starting the process all over again. See Order #138 at 1-13. After three and a half years of litigation, the defendant is now on his seventh defense attorney, Thomas Abbenante. On the heels of this Court's November 28, 2011 order denying the defendant's request to replace Mr. Abbenante and proceed *pro se*, see id., the defendant has once again filed a *pro se* motion challenging Mr. Abbenante's effectiveness. This

latest pleading, however, is nothing more than yet another thinly disguised effort to either obtain new counsel or to proceed *pro se*. In either case, the Court should deny this motion.

The defendant's primary[1] allegation is that Mr. Abbenante failed to object at an evidentiary hearing held on August 16, 2011, to the government's admission of a letter written by the defendant to Joseph Virgilio, one of his previous lawyers, on May 18, 2008. See Defendant's Motion #141 at 1. According to the defendant, this letter was provided to the government during plea negotiations in July 2008. See id.[2] As such, the defendant claims that his counsel should have objected to the admission of this letter pursuant to Fed. R. Evid. 410(a)(4)[3] because the letter constitutes a statement made during plea negotiations.

This argument is without merit. As a threshold matter, the defendant explicitly waived his rights under Fed. R. Evid. 410 when he executed a debriefing agreement with the government on May 15, 2008. See Exhibit #75-3 (Govt. Exhibit 8). That agreement provides that the defendant "knowingly and voluntarily waives or gives up any rights [he] has pursuant to Rule 410 of the Federal Rules of Evidence." Id. at 2; see also United States v. Mezzanatto, 513 U.S.

---

[1] The defendant also appears to challenge Mr. Abbenante's decision at that same hearing not to object to the testimony of William Buss. See Defendant's Motion #141 at 1. The defendant, however, fails to explain why he believes Mr. Abbenante should have objected to the testimony of a witness called by the defendant himself.

[2] On July 28, 2008, the defendant sent a letter to the prosecutor in which he attempted to blame the fact that they did not yet have a signed cooperation and plea agreement on his counsel, Joseph Virgilio. See Exhibit #93-2 (Govt. Exhibit #7). To help make that point, the defendant attached the May 18, 2008 letter as one of three examples. At the motions hearing on August 16, 2011, the government introduced the entire July 28, 2008 letter, which included the May 18, 2008 letter as an attachment. See Transcript of August 16, 2011 Hearing #129 at 81.

[3] The defendant incorrectly cites Fed. R. Evid. 410 as a federal rule of criminal procedure. See Defendant's Motion #141 at 2 (citing "F.R.Cr.P. 410(4)").

196 (1995) (defendant may waive Fed. R. Evid. 410).  Instead, the agreement provides that the government may use any statements or information provided by the defendant in connection with these debriefings during cross-examination or in rebuttal "in the event [the defendant] is ever a witness or presents evidence through other witnesses, at trial or any other proceeding, and [the defendant's] statements or that evidence contradicts statements made in [the defendant's] debriefing." Id. at 2.

In light of the debriefing agreement, Mr. Abbenante had no basis upon which to object to the admission of the May 18, 2008 letter into evidence.  The defendant himself opened the door to the admission of that letter when he broadly argued that the government had intentionally delayed indicting him in order to gain some sort of tactical advantage in this prosecution.  See Defendant's Motion to Dismiss #61 at ¶¶ 8, 11.  During argument on his motion, the parties disagreed as to how to characterize the events that occurred prior to indictment.  While the government argued that a significant portion of the period of time prior to indictment was spent coordinating and attempting to negotiate with the defendant who was incarcerated overseas, Richard Klugh – the defendant's counsel at the time – attempted to minimize these plea negotiations by proffering evidence that the defendant had never offered to plead guilty and that he had, instead, steadfastly maintained a single, uncompromising position of demanding complete immunity:

> The government may have been disappointed that he maintained the same position that he originally maintained from the very first moment he contacted them, which is: I'm not going to agree to just become a plea and cooperator.  Why should I? I haven't done anything.  And if you want to talk to me at all, I want complete immunity.  He never wavered from that.

Case 1:08-cr-00242-PLF   Document 142   Filed 01/20/12   Page 4 of 6

See Transcript of July 12, 2010 Hearing #85 at 92-93.  Then, in his supplemental memorandum, Mr. Klugh specifically proffered the written correspondence sent by the defendant to the prosecutor as evidence showing that the defendant was not responsible for any portion of the pre-indictment delay:

> The defendant would proffer that his correspondence with the government from France was never delaying [in] nature and that the government's attempt to accuse him now of delaying cooperation is contradicted by his own and his counsel's correspondence showing his espousal of an unwavering position that matters within U.S. jurisdiction in which he was involved predated 2001, such that an indictment needed to be sought by 2005.

See Defendant's Supp. Memo. #88 at ¶ 2.

Given the defendant's efforts to mischaracterize his posture during plea negotiations, as well as his specific decision to proffer the statements made in his plea bargaining correspondence, it was incumbent upon the government to correct the record.  The government offered the May 18, 2008 letter to rebut the defendant's factual claim that he had consistently demanded full immunity without having to plead guilty to any crime whatsoever.  In fact, the defendant wrote in the May 18, 2008 letter that he wished to accept the government's plea offer (although he misunderstood its terms):

> My understanding is that [the prosecutor] wants me to agree to plea to a charge of 5 kilos and that charge carries a max. of 10 years.  I do agree to this – we need to hold him to his word (as he said he would).  No add on's. [sic].

See Exhibit #93-2 (Govt's Exhibit 7 at 3) (emphasis in original).  Because the government offered the May 18, 2008 letter to rebut the defendant's efforts to proffer evidence and mischaracterize the events leading up to his indictment, Mr. Abbenante had no legitimate basis under the debriefing agreement to object to the admission of that letter into evidence.

Furthermore, even if the Court finds that Fed. R. Evid. 410 still applied, the May 18, 2008 letter is nonetheless admissible under Rule 410(b)(1). Fed. R. Evid. 410, which courts construe narrowly, see, e.g., United States v. Barrow, 400 F.3d 109, 116 (3rd Cir. 2005), contains an explicit exception which provides that a statement made during plea negotiations may be admitted "in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together." See Fed. R. Evid. 410(b)(1). When the defendant introduced by proffer his plea bargaining correspondence to support his pre-indictment delay motion, Fed. R. Evid. 410(b)(1) permitted the government to use the May 18, 2008 letter to rebut the mischaracterization of his posture during plea negotiations.

Accordingly, this Court should find that Mr. Abbenante acted effectively, and deny the defendant's *pro se* motion as unsubstantiated.

WHEREFORE, the government respectfully requests that the Court deny the instant motion alleging that his counsel provided ineffective assistance.

        Respectfully submitted,

        RONALD C. MACHEN JR.
        United States Attorney
        D.C. Bar No. 447889

        /s/
        GEORGE ELIOPOULOS
        D.C. Bar No. 390601
        SHARAD S. KHANDELWAL
        D.C. Bar No. 468996
        Assistant United States Attorneys
        U.S. Attorney's Office, District of Columbia
        Violent Crime & Narcotics Trafficking Section
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 252-6957 (Tel)