UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        v.                              )        Criminal No. 08-0242 (PLF)
                                        )
GREGORY JOEL SITZMANN,                  )
                                        )
        Defendant.                      )
_____)


MEMORANDUM OPINION AND ORDER

        This matter is before the Court on defendant Gregory Sitzmann's Motion for

Kastigar Hearing [Docket #65] and defendant's Motion for Transcription, In Camera Review,

and Disclosure of Transcripts of Grand Jury Proceedings [Docket #66].  The Court has carefully

reviewed all the papers filed by the parties relevant to these two motions, as well as the grand

jury testimony of Gary Neil Paulson which, at the Court's request, the government provided to

the Court in camera and ex parte.

        At a status conference on December 13, 2011, the Court indicated that it had read

the papers filed by the parties with respect to Kastigar and had preliminarily concluded that no

hearing was required to decide the motion.  See Kastigar v. United States, 406 U.S. 441 (1972).

The Court invited the defendant to provide any affidavits or other evidence that would counter

the government's evidence and representations, and support the need for an evidentiary hearing,

and set a deadline for submission of any such material of January 20, 2012.  Nothing was filed

by defendant or his counsel by that date.  At the status conference on February 1, 2012, counsel

for

Mr. Sitzmann represented that he had no affidavits or other evidence to further support the Kastigar motion or request for a Kastigar hearing.

Defendant Sitzmann asserts that over the course of his interactions with the government, both originally in the Southern District of Florida in March 2000 and later in France in May 2008, he was led to believe that he had been given immunity by the government and that he provided information over the course of five interview sessions based on a grant of full immunity and a representation of non-prosecution.  His only evidentiary support for this argument is a letter, dated December 20, 1999, from his then-attorney to an Assistant United States Attorney in Florida, requesting full immunity in exchange for interviews and information. The defendant further states that, while there is no written evidence of a grant of immunity, a "verbal acknowledgment of such immunity" was conveyed to him.  He also asserts that this verbal grant of immunity attached to documents seized from the residence of another person four years later in connection with a search warrant.  Finally, defendant asserts (and the government agrees) that while he was incarcerated in France he offered to debrief with the government and requested "complete immunity (not use) against all possible charges."

According to the government, no immunity was ever granted, the defendant did not provide testimony or information under a grant of immunity, and he was never compelled to provide testimony; further, Mr. Sitzmann engaged in debriefings pursuant to an agreement under ground rules that did not constitute a grant of immunity.  The government represents that the defendant met with a United States prosecutor in France voluntarily before any debriefing letter was signed and then again after he had signed a written debriefing agreement which set forth ground rules for a "voluntary, off-the-record debriefing."  This agreement by its terms was not a

grant of immunity, and although Mr. Sitzmann requested immunity, it was not given.  Because

no immunity was granted by the prosecutors either in Florida in 2000 or in connection with the

debriefing in France, the government argues that any and all statements made by Mr. Sitzmann

to government prosecutors were made voluntarily and were not compelled.  Accordingly, the

government says, Kastigar has no bearing on the debriefing that occurred in 2000 in the Southern

District of Florida or on the meetings held in France in May 2008.

   The only potential issue, according to the government, is whether there was a

breach by government prosecutors of the debriefing agreement or agreements, entitling Mr.

Sitzmann to relief under principles of contract law.  See Santobello v. New York, 404 U.S. 257

(1971); United States v. Hemphill, 514 F.3d 1350, 1355-56 (D.C. Cir. 2008) ("'Kastigar' is a

misnomer for the hearing [defendant] demanded, because that case applies when the government

compels a witness to provide incriminating information," not when defendant voluntary debriefs

with the government.).  But, the government says, the defendant has made no such showing.  As

for the argument that immunity should be applied to the documents seized some years later from

another person's residence, the short answer, according to the government, is:  (1) there was

never a grant of immunity to the defendant, so no such purported grant of immunity could attach

to any documents, and (2) the documents were recovered during the lawful search of the home of

another.

   The Court agrees with the government on each of its arguments.  While

defendant's counsel requested immunity, there has been no evidence offered that immunity was

ever given to the defendant, and all of the evidence submitted to the Court shows that he was not

given immunity.  The defendant therefore is not entitled to a Kastigar hearing and is entitled to

no relief under <u>Kastigar</u>.  Nor has the defendant shown any breach of the debriefing agreements

entitling him to relief under principles of contract law pursuant to <u>Santobello v. New York</u>, 404

U.S. 257 (1971), and its progeny.

       As for defendant's motion for transcription, <u>in camera</u> review, and disclosure of

transcripts of grand jury proceedings, with one exception, the Court has denied the motion and

explained its reasons for denying each and every one of defendant's requests at the status

conference on February 1, 2012.  The only outstanding request is Mr. Sitzmann's motion for

disclosure of the transcript of Gary Neil Paulson's grand jury testimony.  Mr. Sitzmann makes

two arguments with respect to his right to such testimony.

       First, the defendant claims that Mr. Paulson's grand jury testimony included

information that was covered under the immunity granted to Mr. Sitzmann by the government

and provided by Mr. Sitzmann during five separate interviews in which the government

participated from 2000 to 2008.  The defendant argues that if he did provide information to the

government under a grant of immunity, then he is entitled to the disclosure of Mr. Paulson's

grand jury testimony.  That is so, he says, because such testimony was based, at least in part, on

the government's review with Paulson of the contents of various immunized statements made by

the defendant:  "elements of the information made available to the government under a grant of

immunity [to Mr. Sitzmann] may have been filtered through Paulson so as to use Paulson, in lieu

of an agent, to essentially employ the defendant's own immunized statements against him."

Defendant's Motion for Transcription, <u>In Camera</u> Review, and Disclosure of Transcripts of

Grand Jury Proceedings, <u>United States v. Sitzmann</u>, Crim. No. 08-0242 (Apr. 19, 2010), at 4.

Since the Court has already concluded, however, that the government did not grant immunity to

Mr. Sitzmann and therefore that none of his "immunized" statements were unconstitutionally used against him, this argument must fail.

Second, Mr. Sitzmann argues that regardless of the ultimate determination of the immunity issue, Mr. Paulson's grand jury testimony is discoverable as Brady material.  See Brady v. Maryland, 373 U.S. 83, 87 (1963).  As noted, the Court has carefully read Mr. Paulson's grand jury testimony, provided to it by the government in camera and ex parte.  It finds that the only portion of that testimony that could possibly be considered Brady material is found on page 53, line 7, through page 58, line 23.  The government must either disclose this excerpt of the grand jury testimony to the defendant or explain to the Court in camera why it does not believe it to be favorable under Brady.  See Kyles v. Whitley, 514 U.S. 419, 439-40 (1995) (citing Berger v. United States, 295 U.S. 78, 88 (1935)); United States v. Agurs, 427 U.S. 97, 108 (1976) ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure.").  In addition, the Court finds that, at the appropriate time, the government must disclose to the defendant under Giglio page 6, line 11, through page 7, line 17.  See Giglio v. United States, 405 U.S. 150, 154-55 (1972).  For the foregoing reasons, it is hereby

ORDERED that defendant's Motion for Kastigar Hearing and for relief under Kastigar [Docket #65] is DENIED; and it is

FURTHER ORDERED that defendant's Motion for Transcription, In Camera Review, and Disclosure of Transcripts of Grand Jury Proceedings [Docket #66] is DENIED, except as noted in this Memorandum Opinion and Order.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 6, 2012