UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Criminal No. 08-0242 (PLF) |
| GREGORY JOEL SITZMANN, ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the Court on the government's motion to admit certain evidence as intrinsic evidence or, in the alternative, to admit it as other crimes evidence under Rule 404(b) of the Federal Rules of Evidence. The defendant, through prior counsel, filed a written opposition to this motion. Current defense counsel adopted this opposition as his own and, at a motions hearing before the Court on March 15, 2012, elaborated on the arguments as to why such evidence should be excluded.

## I. BACKGROUND

The government seeks the admission of evidence at trial of three categories of evidence: (1) facts and circumstances regarding events in 1986 and 1987 that led to the defendant's 1990 federal drug conspiracy conviction in the United States District Court for the Southern District of Florida; (2) the defendant's admissions to alleged co-conspirator Jerry Harvey in the 1980's concerning the defendant's drug smuggling activities; and (3) facts and circumstances regarding events that led to the defendant's 1985 Bahamian drug conviction and

his escape from prison with the assistance of alleged co-conspirators Jerry Harvey, Billy Long and Andy Gerst.[1] The government seeks to introduce these three matters both as evidence "intrinsic" to the crime charged in this case and as admissible extrinsic other crimes evidence under Rule 404(b). See Government's Memorandum on Admissibility of Certain Intrinsic Evidence or in the Alternative Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) ("Mot.") [Dkt. No. 146].

The indictment in this case alleges that from at least the 1990's to at least 2004, the defendant conspired with others to unlawfully, knowingly, and intentionally distribute and possess with the intent to distribute large quantities of cocaine. The indictment alleges that this fourteen-year conspiracy took place in the United States, Mexico, Canada, Colombia, the Bahamas, Spain, France, Italy, and elsewhere. The government's Third Amended Bill of Particulars identifies meetings and conversations "beginning no later than 1990" between the defendant and numerous co-conspirators, including, as relevant here, Jerry Harvey, Billy Long, Gary Paulson, John Dwyer, John Sager, and Andy Gerst. All of these individuals, among others, are identified as co-conspirators in the Third Amended Bill of Particulars.

## II. DISCUSSION

### *A. Intrinsic Evidence*

The District of Columbia Circuit has expressed skepticism about the concept of "inextricably intertwined" or "intrinsic evidence," as distinguished from traditional Rule 404(b)

---

[1] The government originally also sought to introduce evidence with respect to the defendant's 1984 indictment in South Dakota for drug conspiracy, but it has since withdrawn its request to introduce such evidence.

"other crimes" evidence, see United States v. Bowie, 232 F.3d 923, 927-28 (D.C. Cir. 2000), noting that "[b]ifurcating the universe into intrinsic and extrinsic evidence has proven difficult in practice. Which of a defendant's acts should be considered [part of] the charged crime and which should not is often uncertain." Id. at 927. Moreover, "treating evidence as inextricably intertwined not only bypasses Rule 404(b) . . . but also carries the implicit finding that the evidence is admissible for all purposes notwithstanding its bearing on character," thus eliminating the defendant's right to a limiting instruction. Id. at 928.

The D.C. Circuit nevertheless has recognized, "at least in a narrow range of circumstances," that evidence can be intrinsic to the charged crime. United States v. Bowie, 232 F.3d at 929. See also United States v. Alexander, 331 F.3d 116, 126 (D.C. Cir. 2003). At the very least, if the evidence offered "is of an act that is part of the charged offense, it is properly considered intrinsic." United States v. Bowie, 232 F.3d at 929. See also United States v. Mahdi, 598 F.3d 883, 891 (D.C. Cir. 2010). In addition, "some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." United States v. Bowie, 232 F.3d at 929. Some bad acts can be so close in time and place as to be a part of the charged crime. And this may be particularly so in conspiracy cases, which involve an ongoing course of conduct rather than a single act. 1 STEPHEN A. SALTZBURG, MICHAEL M. MARTIN, & DANIEL J. CAPRA, FEDERAL RULES OF EVIDENCE MANUAL § 404.02[12], at 404-25 (9th ed. 2006). On the other hand, unlike other circuits, the D.C. Circuit has said that "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b)." United States v. Bowie, 232 F.3d at 929; see id. at

928 ("The 'complete the story' definition of 'inextricably intertwined' threatens to override Rule 404(b).").[2]

It follows that where the evidence is intrinsic to the crime charged, it is by definition not "other crimes" evidence and its admissibility is not determined under a Rule 404(b) analysis. United States v. Green, 617 F.3d 233, 249 (3d Cir. 2010) ("If uncharged misconduct directly proves the charged offense, it is not evidence of some 'other' crime."). Furthermore, since intrinsic evidence is evidence of an act that is part of the charged offense or of contemporaneous acts that facilitate commission of the charged offense, the fact that such conduct may have led to a prior conviction is wholly irrelevant. In other words, the fact of conviction is not admissible.

With these precepts in mind, the Court turns now to the government's primary argument — namely, that each of the three series of events it seeks to admit is intrinsic to the conspiracy with which the defendant is charged in this case.

The Court agrees with the government that conversations the defendant had with "his soon-to-be co-conspirators," Mot. at 3, Gary Paulson, John Sager, and Jerry Harvey, while incarcerated in the Miami Correctional Center — as described on the bottom half of page 3 and the carryover paragraph of page 4 of the government's motion and in paragraphs 2 through 5 of the government's Third Amended Bill of Particulars — constitutes evidence intrinsic to this case

[2] Other circuits in recent years have retreated from a broad view of intrinsic evidence and have rejected use of the "inextricably intertwined" doctrine as a test for such evidence. See United States v. Green, 617 F.3d 233, 245-49 (3d Cir. 2010) (criticizing the "inextricably intertwined" test and adopting instead Bowie's narrow definition of intrinsic evidence); United States v. Gorman, 613 F.3d 711, 718-19 (7th Cir. 2010) (overruling prior cases and rejecting the "inextricable intertwinement" doctrine).

that will be admitted. As the government explains, these conversations are relevant to proving the inception of the very conspiracy that the grand jury has charged.

The Court does not agree with the government, however, that the defendant's activities from December 1986 to March 1987, which is outside the period of the charged conspiracy — as described on the bottom of page 2 and the top of page 3 of the government's motion — constitutes evidence intrinsic to the crime charged in this case. The government argues that this is evidence of how the defendant developed credibility and trust with other large scale drug traffickers, who later became his co-conspirators. Mot. at 10-11. The government also argues that this evidence shows the defendant's level of sophistication and ability to move large quantities of cocaine to Europe and Canada. Id. at 13. But this evidence does not constitute intrinsic evidence under Bowie: the defendant's actions in 1986 and 1987 are neither part of the charged offense nor contemporaneous acts that facilitated the commission of the charged offense. At best, this evidence "completes the story" or "explains the circumstances" leading up to the period in which the conspiracy was conceived, evidence that is not admissible as intrinsic evidence in this Circuit. United States v. Bowie, 232 F.3d at 929.

The government also seeks to introduce evidence regarding the defendant's discussions in the 1980's with future co-conspirator Jerry Harvey about drug smuggling techniques and how to drop illegal narcotics with the use of airplanes, along with the defendant's admission to Harvey that he had been smuggling hundreds of kilograms of cocaine from Colombia to the Bahamas and then into the United States. See Mot. at 4. It appears that the government also views this information as "association evidence," Hr'g Tr. (3/15/2012) at 42 (unofficial rough transcript), and as demonstrating the high level of drug trafficking that allowed

the defendant to establish credibility with his later co-conspirators. But this also fails the test for admissibility under Bowie. While some circuits have held that evidence that establishes associations or prior relationships may be admissible because it may be relevant to show the defendant's knowing participation in a later conspiracy and thus is inextricably intertwined with the facts on trial, see, e.g., United States v. Johnson, 12 F.3d 827, 831 (8th Cir. 1994); United States v. Robinson, 978 F.2d 1554, 1562-63 (10th Cir. 1992), the D.C. Circuit has never so held. Indeed, our Court of Appeals has suggested that admitting such tangentially related, "complete the story" evidence "threatens to override Rule 404(b)." United States v. Bowie, 232 F.3d at 928.

With respect to evidence regarding events and circumstances leading up to the defendant's 1985 Bahamian drug conviction, the government again argues that this evidence shows the defendant's level of sophistication and his high level of drug trafficking in the past, as well as the fact that he used airplanes to facilitate his previous drug trafficking, as he is alleged to have done in this case. While his prior use of airplanes in drug trafficking is probative evidence, see infra at 12-14, the Court concludes that it is not intrinsic evidence under Bowie. Similarly, with respect to Mr. Sitzmann's August 19, 1986 escape from a Bahamian prison, the government's argument that this evidence will enable it to provide the jury with "a full picture of his level of trafficking" is not enough under Bowie to justify its admission outside the parameters of Rule 404(b). Indeed, to accept the government's argument with respect to this evidence would be to "step too easily from analysis to mere conclusion" and boilerplate jargon. United States v. Bowie, 232 F.3d at 928.

*B. Other Crimes Evidence*

The government's alternative argument is that even if not admissible as intrinsic evidence, evidence of each of the series of events or, more properly, specific acts or conduct it seeks to admit is admissible as other crimes evidence under Rule 404(b) of the Federal Rules of Evidence. If the government is right, of course, the evidence would be admitted for a specific identified purpose and be subject to a limiting instruction describing to the jury the limited purpose for which such evidence may be considered. United States v. Bowie, 232 F.3d at 927-28; see, e.g., United States v. Douglas, 482 F.3d 591, 601 (D.C. Cir. 2007); United States v. Garces, 133 F.3d 70, 77 (D.C. Cir. 1998).

In considering the admissibility of other crimes, wrongs, or acts under Rule 404(b), the Court must apply a two-step analysis. United States v. Loza, 764 F. Supp. 2d 55, 57 (D.D.C. 2011). First, the Court must determine whether "the evidence [is] probative of some material issue other than character" or propensity. Id. (quoting United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). This is not an exclusive list of relevant purposes, however, and in this Circuit the Rule is viewed as one of inclusion rather than exclusion. United States v. Long, 328 F.3d 655, 660-61 (D.C. Cir. 2003); United States v. Bowie, 232 F.3d at 929-30. Therefore, any purpose for which such evidence is introduced may be a proper purpose so long as the evidence is not offered solely to prove character or criminal propensity. See United States v. Pettiford, 517 F.3d 584, 588 (D.C. Cir. 2008); United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990).

Second, if the Court determines that the other crimes evidence is probative in relation to a legitimate purpose, it then must decide whether the evidence nevertheless should be excluded under Rule 403 of the Federal Rules of Evidence because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403; see United States v. McCarson, 527 F.3d 170, 173-74 (D.C. Cir. 2008); United States v. Clarke, 24 F.3d at 264 ("The second step requires that the evidence not be inadmissible under Rule 403."). While the remoteness of the events at issue is not specifically mentioned in Rule 403 and no prior bad act is *per se* "too old" to be admissible, "[t]here is no doubt that the probative value of evidence could be attenuated by the passage of time." United States v. Rodriguez, 215 F.3d 110, 120 (1st Cir. 2000). Furthermore, the test under Rule 403 is "unfair prejudice," not just any prejudice or harm to the defense. United States v. Pettiford, 517 F.3d at 590 ("Rule 403 'does not bar powerful, or even "prejudicial" evidence. Instead, the Rule focuses on the "danger of *unfair* prejudice[.]"'") (quoting United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998), quoting FED. R. EVID. 403) (emphasis added by Gartmon opinion); United States v. Cassell, 292 F.3d 788, 796 (D.C. Cir. 2002) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair.") (quotation and citation omitted).

Finally, even if the Court excludes the proffered "other crimes" evidence from presentation by the government in its case-in-chief because its probative value is substantially outweighed by the danger of unfair prejudice, such evidence may become admissible on cross-examination of a defendant or in the government's rebuttal case if the defense has opened the door to such evidence. See United States v. Collier, 385 Fed. App'x 876, 2010 WL 2600651,

at *2 (11th Cir. June 30, 2010) (citing United States v. West, 898 F.2d 1493, 1500 (11th Cir. 1990)); United States v. Antonakeas, 255 F.3d 714, 724 (9th Cir. 2001). In other words, although a court may make an initial determination that the probative value of other crimes evidence is substantially outweighed by its prejudicial effect, "once defense counsel 'open[s] the door'" the evidence's probative value may be "enhanced such that it outweigh[s] its prejudicial effect." United States v. Johnson, 730 F.2d 683, 691 (11th Cir. 1984). See also United States v. Jacobson, 578 F.2d 863, 866 (10th Cir. 1978) (court properly admitted Rule 404(b) evidence in drug case "since the accused had taken the witness stand and had denied entirely that he had anything to do with the selling of drugs"); United States v. Loza, 764 F. Supp. 2d at 60 (leaving open possibility that defendant's failure to list certain items on financial disclosure forms would be admitted as rebuttal evidence under Rule 404(b) if defendant brought into question his intent, knowledge, or absence of mistake regarding his alleged failure to list required items on a different financial disclosure form); United States v. Williams, 740 F. Supp. 2d 1, 4 (D.D.C. 2010) (holding that a gang's alleged use and distribution of illegal drugs would be admitted as Rule 404(b) evidence "in rebuttal but only if the defendant brings into question the alleged illicit and violent nature of the gang"); United States v. Knight, 185 F. Supp. 2d 65, 69 (D.D.C. 2002) ("If the defense argues or suggests at trial that [the defendant] did not intend to sell the drugs or that he did not possess the gun in connection with the drugs or know that he possessed it . . . he will 'open the door' to receipt of the [Rule 404(b)] evidence.").

With these principles in mind, the Court turns to the evidence the government proffers as Rule 404(b) other crimes evidence. The government argues that the "other crimes" evidence it seeks to admit with respect to the defendant's participation in previous drug

trafficking conspiracies involving the distribution and possession of drugs with the intent to distribute is probative of his knowing and intentional involvement in the drug trafficking conspiracy and his possession of cocaine in this case, as well as his opportunity to traffic in large quantities of illegal drugs. See Mot. at 13. The government also contends that this other crimes evidence shows that the defendant's involvement in the overt acts of this conspiracy — including his possession of drugs and his use of airplanes, automobiles, and other artifices in drug trafficking — were not innocent or the result of mistakes or accident. Id. Furthermore, citing by way of example the defendant's varying stories to French law enforcement officials when he was arrested with seven kilograms of cocaine in his possession, the government argues that the defendant's prior drug trafficking is probative of his knowledge that he was carrying cocaine and his intent to distribute it. Id. at 13-14.

The Court is persuaded that in this drug conspiracy case probative other crimes evidence that goes to the defendant's knowledge and intent should be admitted, as should probative other crimes evidence with respect to the question of absence of mistake or accident. See United States v. Bowie, 232 F.3d at 930 ("Intent and knowledge are . . . well-established non-propensity purposes for admitting evidence of prior crimes or acts."); United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir. 1995) ("[W]e have frequently upheld the admission of evidence regarding other drug transactions as relevant to intent in a charged drug transaction."). In addition, other crimes evidence that is probative with respect to opportunity or preparation also should be admitted. See, e.g., United States v. Street, 531 F.3d 703, 708-09 (8th Cir. 2008) (affirming admission of evidence of defendant's prior abuse of another individual, in part because it demonstrated opportunity and plan with respect to charged crime); United States v.

McCarty, 36 F.3d 1349, 1354-55 (5th Cir. 1994) (affirming admission of evidence of prior burglaries through which defendant obtained guns in preparation for use in charged robberies).

That having been said, evidence regarding the following events will be admitted under Rule 404(b) in the government's case-in-chief because its probative value on these matters is not substantially outweighed by the danger of unfair prejudice.[3]

The Court has already concluded that the communications the defendant had with "his soon-to-be co-conspirators," Mot. at 3, Gary Paulson and John Sager, whom he met while incarcerated in the Miami Correctional Center, and his old acquaintance also at the Correctional Center, Jerry Harvey, are admissible as intrinsic evidence. See supra at 4-5.[4] The question under Rule 404(b) is whether evidence of the events that brought the defendant to the Miami Correctional Center and preceded his conversations with Paulson, Sager, and Harvey are admissible as Rule 404(b) evidence. The Court concludes that evidence of most of them is relevant for several purposes unrelated to character or propensity.

First, the defendant's previous participation in a high-volume international drug smuggling operation involving the transportation of cocaine from Colombia to the United States via the Bahamas in late 1986 and early 1987 is probative of his opportunity to participate in the

---

[3] The Court does not have enough information with respect to the timing of the defendant's admissions to Jerry Harvey sometime in the 1980's or the specific content of his statements — as described on page 4 of the government's motion — to make a remoteness determination and then to balance the probative value of the evidence, if any, against prejudice under Rule 403 of the Federal Rules of Evidence. The Court will hear the testimony of Mr. Harvey outside the presence of the jury before deciding whether to admit this evidence.

[4] They are also admissible, of course, as other crimes evidence under Rule 404(b). See United States v. Bowie, 232 F.3d at 927 ("If the so-called 'intrinsic' act is indeed part of the crime charged, evidence of it will, by definition, always satisfy Rule 404(b).").

instant offense. According to the government, it was the defendant's substantial prior experience with international drug trafficking that gave him the opportunity to establish relationships with Paulson and Sager, and to reconnect with Harvey, which led to the development of the conspiracy charged in this case. As the government put it during the motions hearing, "it's the level of his drug trafficking back at that point and the reason that he was arrested in that case [in 1987] where he's attempting to traffic in large-scale cocaine that gives him the credibility to be able to communicate with these other drug traffickers." Hr'g Tr. (3/15/2012) at 44 (unofficial rough transcript). Opportunity is a legitimate and recognized purpose for the admission of such evidence under Rule 404(b): "It is proper to include evidence of prior bad acts in conspiracy cases if they explain the background, formation, and development of the illegal relationship and, more specifically, to help the jury understand the basis for the co-conspirators' relationship of mutual trust." United States v. Santana, 342 F.3d 60, 67 (1st Cir. 2003) (quotation omitted) (affirming admission of evidence of prior cocaine conspiracy in prosecution for conspiracy to distribute and possess with intent to distribute cocaine); see United States v. Vega, 285 F.3d 256, 261 (3d Cir. 2002) (affirming admission of evidence of prior drug conspiracy offered in part to demonstrate defendant's relationship with member of the charged conspiracy); United States v. Pascarella, 84 F.3d 61, 72-73 (2d Cir. 1996) (affirming admission of evidence of defendant's past illegal dealings with co-conspirators "to enable the government to establish the basis of a trust relationship" among them).

Second, evidence of the defendant's drug smuggling activity in late 1986 and early 1987 is probative of his "ability to traffic in large quantities of illegal drugs," Mot. at 13, and, in particular, of his familiarity with the use of private airplanes to transport large quantities

of drugs across continents. The evidence thus is admissible to establish the experience possessed by the defendant that gave him the ability and knowledge required to carry out his alleged role in the charged conspiracy. See United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir. 1997) (affirming admission of evidence of separate drug offense because that evidence made it more likely that the defendant "was knowledgeable about the drug trade" at the time of the charged drug offense); United States v. Mansoori, 304 F.3d 635, 666 (7th Cir. 2002) (affirming admission of evidence of prior drug trafficking because it demonstrated the defendant's "ability to engage in substantial drug transactions involving large amounts of money").

Third, with respect to the approximately seven kilograms of cocaine that were seized from the defendant's bags upon his arrest by French law enforcement in 2004, the defendant's past involvement in a cocaine smuggling operation is probative of his intent to possess cocaine with the intent to distribute it as a part of the charged conspiracy. See United States v. Clarke, 24 F.3d at 265 ("[Rule] 404(b) evidence 'may be critical to the establishment of the truth as to a disputed issue, *especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct*.'") (quoting Huddleston v. United States, 485 U.S. 681, 685 (1988)) (emphasis added by Clarke opinion); United States v. Payne, 805 F.2d 1062, 1065 (D.C. Cir. 1986) (affirming admission of other bad acts evidence in prosecution for possession with intent to distribute narcotics because the nature of the charge put intent at issue). The evidence also is probative of the defendant's knowledge that he was in fact carrying cocaine (and not euros, as he allegedly claimed at least once to the French authorities, see Mot. at 14), and the absence of mistake or accident on his part. See United States v. Bowie, 232 F.3d at 930 ("Evidence that Bowie possessed and passed

counterfeit notes on a prior occasion was relevant because it decreased the likelihood that Bowie accidentally or innocently possessed the counterfeit notes.").

Evidence of the events and circumstances leading up to the defendant's 1985 Bahamian drug conviction also will be admitted for the same reasons as the evidence of events leading up to the defendant's 1987 arrest. It bears upon his ability to establish credibility and trust with his "soon-to-be co-conspirators" when he was jailed in Miami a few years later. Moreover, his conduct in the Bahamas involved the use of airplanes to smuggle large amounts of cocaine; such evidence is probative of whether the defendant had the necessary expertise to engage in the international cocaine trafficking operation currently alleged by the government. And like the events of 1986 and 1987, evidence of the events in the Bahamas is probative of the defendant's intent, knowledge, and lack of mistake or accident with respect to the seven kilograms of cocaine seized from him during his 2004 arrest.[5]

The government also seeks to admit evidence surrounding the defendant's escape from a Bahamian prison in 1986, which he allegedly accomplished with the assistance of Jerry Harvey, Billy Long, and Andy Gerst, "future co-conspirator[s] in the instant case." Mot. at 5. This evidence does not directly bear on the defendant's credibility as a high-volume drug trafficker, his ability to engage in such trafficking, or his intent, knowledge, or absence of mistake with respect to the seven kilograms of cocaine later seized from his bags. It therefore cannot be admitted for the same purposes as the evidence surrounding the events leading to the

---

[5] Neither the events leading up to the Bahamian conviction nor those preceding the Florida conviction are too remote in time under Rule 403 of the Federal Rules of Evidence in view of the fact that the conspiracy charged here began no later than 1990. See United States v. Rodriguez, 215 F.3d at 120.

conviction itself. At most, evidence of the escape could help to establish that a cooperative relationship existed between the defendant and the three co-conspirators in the instant case who allegedly facilitated his escape.

Some courts have upheld the admission of prior bad acts not at all similar to the conduct underlying the charged offense to demonstrate that co-conspirators "had a working relationship prior to the commission of [the charged] crime," United States v. Hughes, 310 F.3d 557, 564-65 (7th Cir. 2002), or to "explain the mutual trust that existed between coconspirators." United States v. Pascarella, 84 F.3d 61, 72-73 (2d Cir. 1996). In this Court's view, however, that purpose does not warrant admitting evidence of the Bahamian prison escape. Unlike evidence regarding the development of trusting relationships based on prior drug activity, see supra at 11-12, 14, the evidence is only moderately probative in the context of this case. The government has other, more direct, means of demonstrating that a working relationship existed between the defendant and these three individuals. Moreover, there is no indication that the defendant plans to deny the existence of prior relationships with Harvey, Long, or Gerst. In view of the attenuated relevance of this evidence, the Court finds that any probative value it possesses is substantially outweighed by the dangers of unfair prejudice and needless presentation of cumulative evidence.[6]

On the other hand, if the defendant calls into question through his testimony or otherwise that he enjoyed a relationship of cooperation and assistance with Mr. Harvey, Mr.

---

[6] Furthermore, many of the details of the defendant's escape provided by the government — such as his bribing of officials, his avoidance of capture, and his departure from the Bahamas on a cruise ship — are not relevant even to establishing the defendant's working relationships with Mr. Harvey, Mr. Long, and Mr. Gerst, or are too prejudicial in relation to their slight contribution to that point to justify their admission.

Long, or Mr. Gerst in the mid-1980's, the relevance of their contributions to his Bahamian prison escape will be enhanced and may tip the balance under Rule 403 in favor of admission. See supra at 8-9. Unless the defendant opens the door in this way, however, the evidence will be excluded.

Finally, at the time of the defendant's arrest in Florida for the conduct leading to his 1990 conspiracy conviction, the defendant allegedly possessed a driver's license bearing his picture but providing the name of Billy Long, a co-conspirator in the instant case. Much like the events surrounding the defendant's escape from the Bahamian prison, this evidence at most demonstrates the existence of a prior cooperative relationship between the defendant and an alleged co-conspirator, Mr. Long. The defendant's possession of a driver's license bearing Mr. Long's name is even less probative in this regard than evidence of the assistance he received escaping from prison, and the Court will exclude it for the same reasons as the evidence of the prison escape. Again, however, if the defendant calls into question the existence or extent of the cooperative relationship he had with Mr. Long at the time of his Florida arrest, the Court may revisit its balancing of this evidence's probative value with its danger for cumulativeness or unfair prejudice.

For these reasons, the Court will grant in part and deny in part the government's motion. The various categories of evidence will be admitted under the parameters described above. Where applicable, the jury will be given appropriate limiting instructions. The Court has determined that the probative value of each item of evidence it will admit is not substantially outweighed by the danger of unfair prejudice. Accordingly, it is hereby

ORDERED that the government's motion to admit certain evidence as intrinsic evidence or as other crimes evidence pursuant to Federal Rule of Evidence 404(b) [Docket No. 146] is GRANTED in part and DENIED in part.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: April 13, 2012