UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 08-0242 (PLF) |
| GREGORY JOEL SITZMANN, | ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

The docket in this case shows that there are two *pro se* motions filed by the defendant Gregory Joel Sitzmann that have never been resolved.  One is a *pro se* letter, mailed to the Court sometime after May 12, 2012, requesting a new trial and for permission to proceed in *pro se* status.  It was filed on the docket of the Court on May 21, 2012 as Docket No. 175.  The second is a *pro se* letter mailed to the Court on June 4, 2012, and filed on the docket of the Court on June 13, 2012 as Docket No. 188.  On October 24, 2013, at the conclusion of the hearing on Mr. Sitzmann's motion for judgment of acquittal or for a new trial, the Court inquired of Mr. Sitzmann and his new counsel, Paul Knight, about the status of the two *pro se* motions. After conferring with his client, counsel filed a status report on October 31, 2013 (Docket No. 240) regarding Docket Nos. 175 and 188.

Mr. Knight indicated in the status report that Mr. Sitzmann's May 12, 2012 *pro se* letter to the Court (Docket No. 175) was drafted while the trial was still in progress.  The letter described his difficult relationship with his appointed trial counsel.  Mr. Sitzmann was asking for a mistrial or, in the alternative, to allow him to proceed *pro se* or, in the alternative, if a mistrial

was declared, to have different counsel appointed at a new trial. The jury returned its verdict on May 21, 2012 (Docket No. 173). The letter motion (Docket No. 175), was subsequently docketed that same day, May 21, 2012. Mr. Knight stated in his status report that because the relief requested – namely, a mistrial or the right to return to *pro se* status – had been overtaken by the jury's verdict, the requests set forth in Docket No. 175 were then moot. He also stated, however, that Mr. Sitzmann reserved his right to raise the issues described in Docket No. 175 concerning his representation in a subsequent motion.

Mr. Sitzmann's June 4, 2012 *pro se* letter to the Court (Docket No. 188) asked the Court to reconsider whether certain testimony should be excluded under *Kastigar v. United States*, 406 U.S. 441 (1972). Mr. Knight represented in the status report that he had met with Mr. Sitzmann at the D.C. Jail and that Mr. Sitzmann had decided to withdraw this letter request for reconsideration. Mr. Sitzmann noted that any *Kastigar* issues that may exist were already preserved in the record by the Court's prior *Kastigar*-related rulings.

In view of the representations made by Mr. Sitzmann through his counsel in the October 31, 2013 status report, it is hereby

ORDERED that defendant's *pro se* letter motion for a new trial [#175] is DENIED as moot; and it is

FURTHER ORDERED that defendant's *pro se* motion referred to on the docket as Motion to Dismiss Charge or, Alternatively, to Declare a Mistrial [#188] is DENIED as moot.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  November 20, 2014                                    United States District Judge