UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.               )<br>)<br>GREGORY JOEL SITZMANN,   )<br>)<br>Defendant.        )<br>) | Criminal No. 08-0242 (PLF) |

MEMORANDUM OPINION AND ORDER

Defendant Gregory Joel Sitzmann has filed a Motion to Amend Presentence Report [Dkt. No. 338] ("Def. Mot."), which the government does not oppose. As set forth in the motion, the Presentence Investigation Report ("PSR") [Dkt. No. 273] concerning Mr. Sitzmann includes two references to Mr. Sitzmann making threats of violence. At sentencing, however, the Court made an "explicit finding that there was no credible threat to use violence . . . even though the government argued that there was." Sentencing Transcript, Day 3 [Dkt. No. 305] 46:22-47:05. Mr. Sitzmann contends that the Court's findings were not conveyed to the Bureau of Prisons and that "[t]his has affected a number of issues for Mr. Sitzmann within BOP." Def. Mot. at 3. Mr. Sitzmann asks the Court to direct the Probation Office to amend the PSR by deleting the two sentences that refer to threats of violence by Mr. Sitzmann. Id.

The Court agrees with Mr. Sitzmann that the last sentence of paragraph 48 on page 8 of the PSR should be deleted.[1] That sentence, which is part of the Probation Office's

---

[1] While Mr. Sitzmann's motion refers to paragraph 48, his proposed order refers to paragraph 43. The Court believes that the reference to paragraph 43 is a typographical error because only paragraph 48 discusses a threat of violence.

description of the offense conduct, suggests that Mr. Sitzmann made a threat of violence and is inconsistent with the Court's explicit finding that there was no credible threat of violence. The Court does not agree, however, that clause (1) of the last paragraph on page 38 of the PSR should be deleted. That is part of the Addendum to the PSR, which summarizes the United States' objections to the draft PSR and the Probation Office's responses. The United States' objections included a representation that there was a credible threat of violence. See Submission of Material/Factual Inaccuracies in PSI Report [Dkt. No. 289] ¶ 7. The United States sought an upward departure under the Sentencing Guidelines on that and other bases. See id. ¶¶ 6-9. The Court's ultimate finding that there was no credible threat of violence does not change the fact that the United States made this objection, or that the Probation Office was required to respond to the United States' objection in the Addendum to the PSR.

Mr. Sitzmann previously filed a pro se Motion Requesting This Court to Amend Defendants Presentence Report [Dkt. No. 336], which also sought revisions to the PSR based on the Court's explicit finding that there was no credible threat of violence. Because the Court with this order rules upon Mr. Sitzmann's unopposed motion filed through counsel, it will deny as moot Mr. Sitzmann's previously filed pro se motion raising the same issue. It therefore is hereby

ORDERED that Mr. Sitzmann's Unopposed Motion to Amend Presentence Report [Dkt. No. 338] is GRANTED with respect to the request to delete the last sentence of paragraph 48 on page 8 of the PSR and DENIED with respect to the request to delete clause (1) of the last paragraph on page 38 of the PSR; it is

FURTHER ORDERED that the Probation Office shall amend the PSR by deleting the last sentence of paragraph 48 on page 8; it is

FURTHER ORDERED that the Probation Office shall transmit copies of the

3

amended PSR, with this order appended, to the Bureau of Prisons, the United States, and Mr. Sitzmann via his BOP case manager; and it is

       FURTHER ORDERED that Mr. Sitzmann's pro se Motion Requesting This Court to Amend Defendants Presentence Report [Dkt. No. 336] is DENIED as moot.

       SO ORDERED.

                                      /s/
                                PAUL L. FRIEDMAN
                                United States District Judge

DATE:  August 31, 2021